UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHALINI CHANDRA,

      Plaintiff,

vs.

ELAVON, INC., a foreign profit
corporation, and U.S. BANK, N.A.,
a federally chartered bank, owned by
U.S. BANCORP, a foreign profit
corporation, d/b/a U.S. BANK,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Shalini Chandra (hereinafter referred to as "Chandra"), by and through her undersigned counsel, sues the Defendants, Elavon, Inc., a foreign profit corporation (hereinafter referred to as "Elavon"), and U.S. Bank, N.A., a federally chartered bank, owned by U.S. Bancorp, a foreign profit corporation, d/b/a U.S. Bank (hereinafter referred to as "U.S. Bank") (collectively referred to as "Defendants"), and for her cause of action, declares and avers as follows:

## I. PRELIMINARY STATEMENT

1.    This action seeks declaratory, injunctive and equitable relief, equitable damages, compensatory damages, punitive damages, costs and attorney's fees, against Defendants for (1) discharging Chandra or otherwise discriminating against Chandra with respect to her compensation, terms, conditions, or privileges of employment, because of her race/ancestry and/or national origin, in violation of Title VII; (2) limiting, segregating, or classifying Chandra

1

in a way which deprived or tended to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her race/ancestry and/or national origin, in violation of Title VII; (3) discharging Chandra or otherwise discriminating against Chandra with respect to her compensation, terms, conditions, or privileges of employment, because she is Indian, in violation of Section 1981; (4) limiting, segregating, or classifying Chandra in a way which deprived or tended to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because she is Indian, in violation of Section 1981; and (5) retaliating against Chandra because she opposed unlawful employment practices, in violation of Title VII and Section 1981.

2.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter referred to as "Title VII"), and the Reconstruction Era Civil Rights Act of 1866, 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981").

## II. JURISDICTION

3.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(4) and 42 U.S.C. §2000e-5(f).  All administrative requirements have been exhausted and a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") on or about August 20, 2019, based upon a charge of discrimination timely and dually-filed with the EEOC and Florida Commission on Human Relations ("FCHR") on or about August 12, 2019.

4.      Chandra reserves the right to move the Court for leave to amend this Complaint to add a claim arising under the Florida Civil Rights Act of 1992 ("FCRA"), in the event the FCHR determines there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA or in the event the FCHR fails to conciliate or determine whether there is

2

reasonable cause on Chandra's charge of discrimination within 180 days of the filing of the Plaintiff's charge of discrimination, pursuant to § 760.11(4) and/or (8), Fla. Stat.

### III. VENUE

4.       This action properly lies in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

### IV. FACTS

5.       Chandra is a citizen and resident of Palm Beach County, Florida, over the age of eighteen (18), within the Court's jurisdiction and otherwise *sui juris*.

6.       Elavon is a foreign profit corporation, authorized to do and doing business in the State of Florida.

7.       U.S. Bank is a federally chartered bank, owned by U.S. Bancorp, a foreign profit corporation, d/b/a U.S. BANK.

8.       At all times material hereto, both Elavon and U.S. Bank (collectively referred to as "Defendants") were covered employers, and Chandra was a covered employee, within the meaning of Title VII.

9.       Defendants jointly employed the Plaintiff, within the meaning of Title VII and Section 1981, as they shared or co-determined those matters governing the essential terms and conditions of Plaintiff's employment. Defendants all possessed sufficient control over the terms and conditions of Plaintiff's employment, directly and/or indirectly, and/or reserved the authority to do so.

10.       Chandra is Indian. As such, Chandra is a member of several protected classes under Title VII and Section 1981 as same relates to her race/ancestry and national origin.

11.       Elavon hired Chandra as a healthcare payments sales professional who was

3

responsible for developing new business by identifying prospects and initiating contact for new business. Chandra was hired to work remotely from her residence located in Boynton Beach, Florida, and employed her for approximately twenty-seven (27) months.

12.    At all times material hereto, Chandra was qualified for her position and performed her job competently. During her employment, Chandra created sales proposals and training presentations for bankers and internal sales teams, hosted the largest training classes Elavon had presented to date and played an integral role in the establishment of innovative training classes for the new sales teams. Moreover, at all times material hereto, Chandra received positive performance evaluations, commendations and appropriate financial rewards in recognition of her job performance and the overall value she brought to the organization.

13.    In or around the end of 2017, Misty Meraz (hereinafter referred to as "Meraz") became Chandra's direct supervisor. Meraz is a white American.

14.    At all times material hereto, Meraz had power and control over Chandra including, but not limited to, the power to terminate Chandra or, in the alternative, to influence or effect final corporate decisions regarding the termination of Chandra.

15.    Since Defendants employed Meraz and vested her with supervisory authority and control over Chandra, including but not limited to the power to terminate Chandra, or, in the alternative, to effectively cause or bring about the termination of Chandra, Defendants are responsible for the acts and conduct of Meraz.

16.    Within a short time, Meraz began to treat Chandra differently than other similarly situated employees who were not Indian. By way of example, Lauren Lopez, a non-Indian, was hired almost a year and a half after Chandra to work in the same department and to perform the same role. Lopez received more favorable treatment from Meraz. Meraz provided Lopez with

4

extra training, additional representatives to help manage her accounts, and access to industry meetings and upper management, designed to help Lopez succeed.  Meraz did not provide Chandra with these same opportunities for success and advancement.

17.    Also, Defendants had hired Mary Ann Weekes, a non-Indian, at or around the same time as Chandra to work in the same department and hold the same role as Chandra. Defendants provided Weeks with extra training, additional representatives to help manage her accounts, and access to industry meetings and upper management, designed to help Weekes succeed.   Defendants did not provide Chandra with these same opportunities for success and advancement.

18.    Around the November 2018 time frame, Meraz's discriminatory attitude toward Chandra was made further evident by a number of unwarranted and illegitimate warnings, both verbal and written, Meraz issued to Chandra, which affected Chandra's performance and employment status with Elavon/US Bank.  Meraz further harassed Chandra by issuing a verbal warning to her for her alleged failure to complete certain training in a timely manner, while others similarly situated were not admonished for their same failure, and for failing to sign a compensation plan that she never received (the compensation plan apparently had been inadvertently emailed to another employee, coincidentally with the exact same name as Chandra).  Meraz further frustrated Chandra's employment when she issued a written warning to her for allegedly failing to copy Meraz on two (2) emails, neither of which directly affected Meraz and/or her work, and for failing to submit a report timely, which Chandra explained was a mere oversight and promptly executed the report and sent same to Meraz, without further issue. Notwithstanding, Meraz issued a final written warning to Chandra, tarnishing her employment record with Defendants, for no reason other than to intimidate her.

5

19.     As a result of the unfair written warning, Chandra filed a formal complaint with Mitzi Baron (hereinafter referred to as "Baron"), Defendants' Human Resources Business Partner, notifying Baron of, and expressing her opposition to, Meraz' previous and continuing discriminatory treatment toward Chandra.

20.     At all times material hereto, Baron had power and control over Chandra including, but not limited to, the power to terminate Chandra or, in the alternative, to influence or effect final corporate decisions regarding the termination of Chandra.

21.     Since Defendants employed Baron and vested her with supervisory authority and control over Chandra, including but not limited to the power to terminate Chandra, or, in the alternative, to effectively cause or bring about the termination of Chandra, Defendants are responsible for the acts and conduct of Baron.

22.     Baron failed, and refused, to investigate Chandra's claims.

23.     On or about April 5, 2019, Chandra sent a ***second*** written complaint to Baron, advising Baron of Chandra's intent to make a formal discrimination complaint.

24.     Just two (2) months later, having failed and refused to investigate Chandra's good faith, objectively reasonable complaints, and without any further warnings and/or legitimate reason, Baron and Meraz called Chandra and informed her of Defendants' decision to terminate her employment.

25.     Defendants' termination of Chandra was continued discrimination against Chandra because she is Indian, and certainly was in clear retaliation against Chandra for having had the temerity to oppose discriminatory and unlawful employment practices.

26.     As a result of the termination, Chandra lost her job, along with its commensurate six (6) figure salary and substantial benefits, including health, dental and vision for Chandra and

6

her dependent child, as well as life and disability benefits.  Chandra worked tirelessly for Defendants and was an asset to the organization.  Chandra is emotionally devastated as a result of Defendants' destruction of her career.  And obviously, Chandra's professional reputation has been significantly tarnished as a result of Defendants' despicable discriminatory conduct.

27.     As a result of her termination, Chandra has suffered a tremendous economic loss. And, even with appropriate mitigation, which interim earnings certainly will reduce Chandra's economic damages, Chandra has not been able to successfully obtain an employment opportunity *substantially equivalent* to that which she has lost at Elavon/US Bank by virtue of Defendants' discrimination.

## COUNT I - RACE/NATIONAL ORIGIN DISCRIMINATION - TITLE VII

28.     Chandra incorporates as if fully realleged herein paragraphs 1 through 27.

29.     As a non-white Indian, at all times material hereto, Chandra was a member of several protected classes for purposes of Title VII.

30.     Through its above-described acts and conduct toward Chandra, Defendants have violated Chandra's rights under Title VII.

31.     Defendants engaged in discriminatory acts and conduct against Chandra with malice and/or reckless indifference to Chandra's rights under Title VII.

32.     Chandra has suffered direct pecuniary losses as a result of Defendants' above-described violations of Title VII.

33.     Chandra has suffered, is now suffering, and will continue to suffer emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' discriminatory acts and conduct.

34.     Chandra will suffer future pecuniary losses as a direct result of Defendants' discriminatory acts and conduct.

35.     Chandra has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendants unless Defendants are enjoined by this Court.

**WHEREFORE**, Plaintiff, Shalini Chandra, prays that this Honorable Court:

A.      Declare Defendants' conduct to be in violation of Chandra's civil rights;

B.      Enjoin Defendants from further engaging in such conduct;

C.      Award Chandra equitable damages in the form of back pay;

D.      Award Chandra the equitable remedy of reinstatement, or, in the alternative, award Chandra front pay in lieu of reinstatement;

E.      Award Chandra compensatory and punitive damages;

F.      Award Chandra costs and reasonable attorney's fees; and

G.      Grant such other and further relief as may be deemed just and proper in the premises.

## COUNT II - RACE DISCRIMINATION - SECTION 1981

36.     Chandra incorporates as if fully realleged herein paragraphs 1 through 27.

37.     As a non-white Indian, at all times material hereto, Chandra was protected from discriminatory treatment by Section 1981.

38.     Through its above-described acts and conduct toward Chandra, Defendants have violated Chandra's rights under Section 1981.

39.     Defendants engaged in discriminatory acts and conduct against Chandra with malice and/or reckless indifference to Chandra's rights under Section 1981.

40.     Chandra has suffered direct pecuniary losses as a result of Defendants' above-described violations of Section 1981.

41.     Chandra has suffered, is now suffering, and will continue to suffer emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' discriminatory acts and conduct.

42.     Chandra will suffer future pecuniary losses as a direct result of Defendants' discriminatory acts and conduct.

43.     Chandra has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendants unless Defendants are enjoined by this Court.

**WHEREFORE**, Plaintiff, SHALINI CHANDRA, prays that this Honorable Court:

A.     Declare Defendants' conduct to be in violation of Chandra's civil rights;

B.     Enjoin Defendants from further engaging in such conduct;

C.     Award Chandra equitable damages in the form of back pay;

D.     Award Chandra the equitable remedy of reinstatement, or, in the alternative, award Chandra front pay in lieu of reinstatement;

E.     Award Chandra compensatory and punitive damages;

F.     Award Chandra costs and reasonable attorney's fees; and

G.     Grant such other and further relief as may be deemed just and proper in the premises.

## COUNT III – RETALIATION PURSUANT TO TITLE VII

44.     Chandra incorporates as if fully realleged herein paragraphs 1 through 27.

45.     Through its above-described acts and conduct toward Chandra, Defendants have

violated Chandra's rights under Title VII.

46.     Defendants engaged in discriminatory acts and conduct against Chandra with malice and/or with reckless indifference to Chandra 's rights under Title VII.

47.     Chandra has suffered direct pecuniary losses as a result of Defendants' above-described violations of Title VII.

48.     Chandra has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' discriminatory acts and conduct.

49.     Chandra will suffer future pecuniary losses as a direct result of Defendants discriminatory acts and conduct.

50.     Chandra has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendants unless Defendants are enjoined by this Court.

WHEREFORE, Plaintiff, SHALINI CHANDRA, prays that this Honorable Court:

A.     Declare Defendants' conduct to be in violation of Chandra 's civil rights;

B.     Enjoin Defendants from engaging in such conduct;

C.     Award the equitable remedy of back pay and front pay, in lieu of reinstatement;

D.     Award compensatory and punitive damages to Chandra;

E.     Award Chandra costs and reasonable attorney's fees; and

F.     Grant such other and further relief as may be deemed just and proper in the premises.

## COUNT IV – RETALIATION PURSUANT TO SECTION 1981

51.     Chandra incorporates as if fully realleged herein paragraphs 1 through 27.

10

52.     Through its above-described acts and conduct toward Chandra, Defendants have violated Chandra's rights under Section 1981.

53.     Defendants engaged in discriminatory acts and conduct against Chandra with malice and/or with reckless indifference to Chandra 's rights under Section 1981.

54.     Chandra has suffered direct pecuniary losses as a result of Defendants' above-described violations of Section 1981.

55.     Chandra has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' discriminatory acts and conduct.

56.     Chandra will suffer future pecuniary losses as a direct result of Defendants' discriminatory acts and conduct.

57.     Chandra has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendants unless Defendants are enjoined by this Court.

WHEREFORE, Plaintiff, SHALINI CHANDRA, prays that this Honorable Court:

A.     Declare Defendants' conduct to be in violation of Chandra 's civil rights;

B.     Enjoin Defendants from engaging in such conduct;

C.     Award the equitable remedy of back pay and front pay, in lieu of reinstatement;

D.     Award compensatory and punitive damages to Chandra;

E.     Award Chandra costs and reasonable attorney's fees; and

F.     Grant such other and further relief as may be deemed just and proper in the premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:   September 9, 2019                     Respectfully submitted,
         Boca Raton, FL


                                               */s Daniel R. Levine*
                                               DANIEL R. LEVINE, ESQUIRE
                                               Fla. Bar No. 0057861
                                               E-Mail:   DRL@PBL-Law.com
                                               Padula Bennardo Levine, LLP
                                               3837 NW Boca Raton Blvd., Suite 200
                                               Boca Raton, FL  33431
                                               Telephone:    (561) 544-8900
                                               Facsimile:    (561) 544-8999
                                               Counsel for Plaintiff